NEW JERSEY WIRE-CLOTH CO. v. MERRITT et al.

(Circuit Court of Appeals, Third Circuit. February 21, 1900.)

No. 17.

PATENTS—INFRINGEMENT—FIREPROOF CEILINGS.

The Orr patent, No. 456,202, for a fireproof ceiling, consisting of metallic lathing embedded in a plastic material, construed, and held not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 96 Fed. 216.

C. J. Sawyer and M. B. Philipp, for appellant.

Ernest Howard Hunter, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge. The complainant and appellant in this suit is the assignee of letters patent of the United States No. 456,202, granted to William Orr, and dated July 21, 1891, relating "to the construction of ceilings or walls formed of metallic lathing, to which is applied cement, concrete, plaster, or other suitable plastic material"; the object of the invention being to obtain increased strength and fireproof qualities in such ceilings at reduced cost. The bill charges the defendants with infringement of the first and second claims of the patent, which are as follows:

Claim 1: "A fireproof ceiling, consisting of metallic lathing extending from beam to beam, and having upon its under side offsetting portions projecting from its body, and a body of plastic material applied from above, and in which the body of the lathing and projections are embedded, substantially as described." Claim 2: "An arch formed of metallic lathing bent to the required form, and having upon its under side offsetting portions projecting from its body, and a body of plastic material applied from above, and in which the body of the lathing and projections are embedded, substantially as described."

The two claims differ hardly at all, except in words. The first is made to apply to "a fireproof ceiling, consisting of metallic lathing," and the latter "to an arch formed of metallic lathing bent to the required form"; the latter being merely a limitation of the former. A reference to the second clearly shows that the construction of a fireproof ceiling by the use of metallic lathing or woven wire embedded in concrete or other plastic material was well known to the art long before patent No. 456,202 was granted. As early as June 4, 1883, an English patent was granted to Richard W. Hirchins for "a ceiling composed of plaster of Paris or cement * * * in combination with open meshed wire netting embedded therein." The means employed he describes as follows:

"I construct my improved ceiling without the use of ordinary lathing, and in its place I use wire netting. * * * I mold the plastic composition upon the wire netting by casting it upon a molding table or center fixed beneath the netting, by pouring the composition onto the netting from above. The ceiling is thus constructed of plastic composition with wire netting embedded in it to strengthen the plastic."

It is self-evident that, in order to embed the wire netting in the plaster, it was necessary that there should be a space between the wire netting and the table or center upon which the plastic material was molded. Reference has been made to other patents antedating the patent in suit, which show similar constructions effected by embedding a metallic frame in plastic material. We do not think it necessary to examine them in detail, since it is not our purpose to show that any of them embody the particular means employed by Orr, the patentee of patent No. 456,202, for raising the metallic lathing to the desired height from the "center." We advert to them merely for the purpose of showing the prior state of the art, and illustrating the fact that the only novel feature in the device of complainant's patent was the provision that, in combination with the then well-known devices, "the metallic lathing should have upon its under side offsetting portions projecting from its body, substantially as described." These "offsetting portions" are fully described and set out in the drawings and specifications of the patent. They are positive, and definite, and intended to elevate the entire body of the lathing above the surface of the "centering," in order that a layer of plaster of substantial depth may be formed on the under side. The defendants' construction consists of metallic lathing made of "expanded metal," a form of lathing well known to the art before the grant of complainant's patent. It is a kind described in a patent of the United States granted to John F. Golding, and dated June 16, 1885 (No. 320,240), the use of which is free to the world for all the purposes to which it may be applied. This lathing, while irregu-

lar in shape, has no "offsetting portions projecting from its body," in which characteristic, as we have said, lies the sole claim of novelty in complainant's device. It is laid directly upon the centering, so that it cannot be entirely embedded in the plastic material poured in from above, nor can it have a coating of concrete of any desired thickness upon the under side. A ceiling or arch constructed with a lathing of expanded metal cannot obtain the peculiar advantages pointed out in the complainant's patent, and intended to be secured thereby. For these reasons we are of the opinion that, inasmuch as the defendants, in their construction, do not employ the particular means to which the complainant's patent must be limited, they do not infringe the first and second claim of the patent in suit. The decree of the circuit court dismissing complainant's bill will be affirmed.